**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARICELLI DE LEÓN-SEIJO,<br>Plaintiff,<br>v.<br>SUPERMERCADO MR. SPECIAL, INC.,<br>Defendant. | **Civil No. 25-1405 (GMM)** |

**OPINION AND ORDER**

Before the Court is Defendant Supermercado Mr. Special, Inc.'s ("SMS") *Motion to Dismiss*. (Docket No. 10). For the reasons stated below, the *Motion to Dismiss* is **DENIED**.

**I. BACKGROUND**

Maricelli De León-Seijo ("De León") sued SMS on June 19, 2025 in the Puerto Rico Court of First Instance in Bayamon. (Docket No. 1-1). De León argued that he was subject to continued discrimination by SMS for lack of accessible structures in its facilities in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, under which he requested injunctive and declaratory relief. (Docket No. 1 at 1). SMS removed the action to this Court on July 30, 2025. (Id.). An *Amended Complaint* was filed on September 2, 2025. (Docket No. 9).

This *Amended Complaint*, however, made substantial changes. Namely, it swapped plaintiffs. De León is replaced with Jorge L. Ortiz ("Ortiz" or "Plaintiff"). (Id. at 1). De León and Ortiz are not the same person: De León alleges a mobility disability arising from multiple sclerosis, (Docket No. 10 at 2), while Ortiz alleges permanent mobility limitations associated with poliomyelitis and post-polio syndrome, an inability to walk or stand, and dependence on a motorized scooter. (Docket No. 9 at 1-2 ¶¶ 3-5). The *Amended Complaint* also identifies distinct factual allegations and new

accessibility barriers at SMS, including the parking lot, service counter, butcher counter, assistance bell, and restroom conditions. (Id. at 3-16 ¶¶ 6, 9.1-9.14, 19-24). Ortiz alleges present deterrence and an intent to visit the store in the near future or after remediation. (Id. at 3-19 ¶¶ 7-13, 24-33.3).

SMS filed a *Motion to Dismiss* on September 22, 2025. (Docket No. 10). SMS contests Ortiz's substitution of De León, arguing that this change is barred by the Federal Rules of Civil Procedure. SMS asks this Court to strike the *Amended Complaint*, dismiss the action with prejudice for lack of standing and improper substitution, and issue sanctions against Plaintiff's counsel. (Id. at 7).

Plaintiff filed an *Opposition to Motion to Dismiss*, asserting that Defendant is requesting that the Court strike, not dismiss, the *Amended Complaint*. (Docket No. 11). In any event, Plaintiff argues substitution was proper under Rule 15. *See* (id.). If the Court disagrees, Plaintiff requests that the Court require Defendants to respond to the original complaint or grant Plaintiff leave to join multiple co-defendants. (Id. at 1).

## II. LEGAL STANDARD

A. Motion to Dismiss

In the First Circuit, a "motion to dismiss for lack of standing [is treated] as made under Rule 12(b)(1), which permits motions to dismiss for lack of subject matter jurisdiction." Wiener v. MIB Grp., Inc., 86 F.4th 76, 82 n.8 (1st Cir. 2023). Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. Lab. Rel. Div. of Constr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 326 (1st Cir. 2016). Plaintiff bears the burden of establishing the existence of subject-matter jurisdiction. Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

This motion tests the legal sufficiency of the complaint, not the merits. A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013). To survive dismissal, a complaint must state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts accept well-pleaded facts as true but disregard legal conclusions and conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

B. Motion to Strike

A court has discretion to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions under this rule are generally disfavored, Boreri v. Fiat S.p.A., 763 F.2d 17, 23 (1st Cir. 1985), but can be granted upon a showing of prejudice to the moving party. Soto-Santiago v. Corporacion del Fondo del Seguro del Estado, 2018 WL 1115497, at *2 (D.P.R. Feb. 27, 2018).

## III. DISCUSSION

SMS makes three distinct arguments: the *Amended Complaint* should be stricken for improper substitution; Plaintiff does not have standing; and Plaintiff's counsel should be sanctioned. *See generally* (Docket No. 10). After reviewing the record, the Court finds that striking is improper, standing exists, and sanctions will not be imposed.

A. Striking for Improper Substitution

As standing implicates this Court's power to preside over the case, typically it is addressed first. However, to color in the standing doctrine, the proper pleadings and facts must be identified. Thus, the Court first turns to the discretionary question of whether to strike the *Amended Complaint* for improper substitution and whether De Leon or Ortiz is the proper Plaintiff.

SMS argues that the wholesale substitution of De Leon for Ortiz is not a permissible amendment under Rule 15, nor a valid correction under Rule 17. (Docket No. 10 at 1). The correct vehicle

for substitution, Defendant contends, is Rule 25, which was not properly heeded here. (Id. at 5-7). Plaintiff asserts that this swap is proper under Rule 15(a)(1)(B)'s amendment as of right and disputes any prejudice that stems from updates to the pleadings. (Docket No. 11 at 1-2, 5-6).

Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within twenty-one days after service, or within twenty-one days after a responsive pleading or Rule 12 motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). After that window closes, Rule 15(a)(2) requires leave of court, which the rule instructs should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Those secondary motions fall under the Court's discretion, considering the totality of the circumstances and any evidence of dilatory motive, prejudice, and other evidence of bad faith. Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006).

Plaintiff's filing falls squarely under Rule 15(a)(1)'s matter-of-course amendments, and under Rule 15(a)(2)'s discretionary approval. SMS removed the action on July 30, 2025. (Docket No. 1 at 1; Docket No. 10 at 2 ¶ 5). Before the *Amended Complaint* was filed, Plaintiff had not previously amended, and Defendant had not yet served an answer or Rule 12 motion. (Docket Nos. 2-8); *see also* (Docket No. 11 at 1-2). Plaintiff filed the *Amended Complaint* on September 2, 2025 — within the as-of-course window and before any triggering event occurred. (Docket Nos. 9, 11). Consent and leave of court under Rule 15(a)(2) were accordingly not yet required. SMS's later *Motion to Dismiss* could not retroactively extinguish a right Plaintiff had already exercised. Therefore, the *Amended Complaint* was timely and properly filed.

Rule 15 contains no gatekeeping language that instructs courts to allow or disallow certain types of amendments. To wit,

the opposite has been observed: at least one court within the First Circuit has noted that "a party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action." Washington Tr. Advisors, Inc. v. Arnold, 669 F. Supp. 3d 35, 41 (D. Mass. 2023).

Even if this *Amended Complaint* fell under Rule 15(a)(2), the Court cannot identify any undue prejudice. The amendment preceded any answer. In other words, no defenses were lost; discovery had not begun; and no litigation strategy had seemingly been disturbed. SMS remains the sole Defendant, and the general remedial objectives are unchanged. The burden of investigating a different claimant and additional barriers is real but is not the kind of unfairness that the First Circuit identifies as a bar to these amendments. *See* Foman v. Davis, 371 U.S. 178, 182 (1962).

Nor does this Court identify any limits within the rest of the federal rules referenced by SMS that would bar replacing De León with Ortiz at this early juncture. Rule 25 does discuss substitution, but only following specified events, such as death, incompetency, or transfer of interest. Fed. R. Civ. P. 25(a)-(d). None of these exceptions apply here. Rule 17(a) requires that an action be prosecuted in the name of the real party in interest. De León and Ortiz are different individuals, each asserting a personal ADA claim based on his own disability, deterrence, and threatened future injury. Ortiz is accordingly not the real party in interest for De León's personal claim. Fed. R. Civ. P. 17(a)(1). Rule 24 discusses intervention. Fed. R. Civ. P. 24. Yet Ortiz does not join De León's claim: he supplants it.

In any event, Rule 21 supplies an authority independent from Rule 15 to allow Ortiz's substitution of De León to proceed. Rule 21 permits a court, by motion or on its own accord, to add or drop a party at any stage of the proceedings and on just terms. Fed. R. Civ. P. 21; *see* Perry v. Blum, 629 F.3d 1, 16 (1st Cir. 2010) (reviewing for abuse of discretion a district court's decision to

add or drop a party pursuant to Rule 21). Though the parties do not invoke Rule 21, the Court sua sponte finds it appropriate here. "[A]t this stage of a litigation," adding Ortiz and dropping De León "merely puts the real part of interest[] in the position of his avowed agent": it again does not "embarrass the defendant" nor "affect[] the course of the litigation," and avoids "needless waste . . . [encouraging] effective judicial administration." Mullaney v. Anderson, 342 U.S. 415, 417 (1952).

Taken together, the Court finds that substitution under Rule 15(a)(1) is proper and - independently and on just terms - **ADDS** Jorge L. Ortiz as Plaintiff and **DROPS** Maricelli De León-Seijo as Plaintiff under Rule 21. As the record reflects no undue prejudice to Defendant, the Court will not strike the *Amended Complaint*.

B. Standing

Having verified the proper pleadings, the Court turns next to standing. Defendant asserts that "no plaintiff with standing remains before the Court" because De León arguably abandoned their action and substitution was improper as to Ortiz. (Docket No. 10 at 6). Plaintiff argues that standing is determined at the time the *Amended Complaint* was filed, and not the original complaint. (Docket No. 11 at 3-4).

To establish Article III standing, Plaintiff must satisfy three familiar requirements: "(i) that []he has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." F.D.A. v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024). A disabled individual deterred from visiting a public accommodation because of ADA violations suffers an actual and imminent harm. Disabled Ams. for Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir. 2005).

With respect to updated filings, the First Circuit counsels courts to consider standing based on the amended pleadings, and not the original complaint, in accordance with its interpretation of congressional intent under 28 U.S.C. § 1653. Yan v. ReWalk Robotics Ltd., 973 F.3d 22, 36-37 (1st Cir. 2020) (rejecting the more formalistic approach of relying on the original complaint in Summit Office Park, Inc. v. United States Steel Corp., 639 F.2d 1278, 1282 (5th Cir. 1981)). Indeed, the First Circuit "see[s] no reason why this permissiveness does not extend to motions seeking to add a named party asserting the exact same claim that is already pleaded in the complaint." Id.; *see also* Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n, 814 F.2d 32, 34–36 (1st Cir. 1987) (citing the advisory committee's note to the 1966 amendment to Federal Rule of Civil Procedure 15, which states that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs").

Looking to the *Amended Complaint* then, as the First Circuit advises, the Court finds that Ortiz has standing. Ortiz alleges distinct accessibility barriers that injure his ability to shop at SMS; Ortiz also expresses present deterrence and future intent to visit the store after the requested injunctive relief makes the premises more accessible. (Docket No. 9 at 3-19 ¶¶ 7-33.3). These pleadings sufficiently demonstrate injury, causation, and redressability particular to Ortiz.

C. Sanctions

Finding no error in Plaintiff's proceedings, the Court declines SMS's invitation to issue Rule 11 sanctions.

## IV. CONCLUSION

For the foregoing reasons, SMS's *Motion to Dismiss* (Docket No. 10) is **DENIED.** The Clerk of Court is directed to conform the

caption accordingly, reflecting Ortiz as the operative plaintiff and dropping De León.

Defendant shall answer or otherwise respond to the *Amended Complaint* within fourteen (14) days of notice of this *Opinion and Order*. *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on August 26, 2026.

/s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE